IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:13-CV-296-DSC

| DANIELLE YVETTE MOORE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM AND ORDER** |
| KIRSTIE M. PIENTA, STEVEN J. PIENTA, LISA PIENTA, and TARGET CORPORATION d/b/a CHARLOTTE NORTH SUPER TARGET, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on "Defendant Target Corporation's Motion to Dismiss," Doc. 10, filed June 4, 2013, and the parties' associated briefs and exhibits, Docs. 10-1, 13 and 14; and "Plaintiff's Motion for Leave to Amend Complaint," Doc. 18, filed July 3, 2013, and the parties' associated briefs and exhibits, Docs. 19, 20 and 21.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and this Motion is now ripe for the Court's consideration.

After fully considering the arguments, the record, and the applicable authority, the Court **GRANTS** Defendant's Motion to Dismiss and **DENIES** Plaintiff's Motion to Amend, as discussed in detail below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Accepting the allegations of the Amended Complaint, Doc. 1, Ex. 2, as true, on August 1, 2010, at approximately 1:59 a.m., Defendant Kirstie Pienta ("Pienta") operated Defendant Steve

Pienta's ("Mr. Pienta") 2002 Mercedes E320 on East 7th Street in Charlotte while she was impaired in violation of N.C.G.S. § 20-138.1. Id. at ¶¶ 10-11, 17c. Pienta drove the vehicle in a reckless manner and struck the Plaintiff, who was a pedestrian. Id. at ¶11. Pienta failed to come to a complete stop and dragged the Plaintiff for one hundred feet until her vehicle struck a tree. Id. at ¶17k. Plaintiff was seriously injured and required medical treatment. Id. at ¶11, 20. At the scene of the accident, Pienta was cited for Driving While Impaired (DWI), Driving While Licensed Revoked, Driving While Impaired and under the age of twenty-one (21), and Reckless Driving by Charlotte- Mecklenburg Police. Id. at ¶15. On August 9, 2010, Pienta was arrested on the above referenced charges. Id.

On July 30, 2010, Target Corporation ("Target") owned and operated the Charlotte North Super Target located at 9841 Northlake Centre Parkway in Charlotte. Id. at ¶5. Target "is a permittee whose sales were regulated by the alcohol control laws of this state, including but not limited to N.C. Gen. Stat. § 18B-305." Id. at ¶33. Pienta purchased a case of beer containing twenty-four cans from Defendant Charlotte North Super Target on July 31, 2010. Id. at ¶36. Pienta was twenty years old at the time of purchase. Id. at ¶37. Plaintiff alleges that Target breached its duty not to sell or furnish alcohol to anyone less than twenty-one years old when it sold beer to Pienta. Id. at ¶¶38-39. Plaintiff also alleges that Target breached its duty "when it failed to train its employees, failed to have and enforce policies, and failed to take other reasonable steps to prevent the sale of alcoholic beverages to persons under the age of twenty-one (21) by its agents and employees. . ." Id. at ¶40.

Plaintiff further alleges that Target "should have reasonably foreseen the injurious consequences that were likely to follow from its negligent conduct . . .," and that as a result of

Target's negligence, Pienta was intoxicated and injured Plaintiff. Id. at ¶41-42.

On June 14, 2012, Plaintiff filed her Complaint in Mecklenburg County Superior Court alleging claims against Pienta, Mr. Pienta, and Lisa Pienta. On April 16, 2013, a Superior Court Judge granted Plaintiff's motion for leave to amend her Complaint. Plaintiff then filed her Amended Complaint, adding Target as a Defendant. On May 15, 2013, Target removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1446. On May 17, 2013, Target filed its Answer to Plaintiff's Amended Complaint, Doc. 6, which included a Rule 12(b)(6) Motion to Dismiss. On June 4, 2013, pursuant to LCvR 7.1, Target filed its Motion to Dismiss. Doc. 10. On June 21, 2013, Plaintiff filed her Response in opposition to Target's Motion to Dismiss. Doc. 13. On June 25, 2013, Target filed its Reply in support of its Motion to Dismiss. Doc. 14. Later that same day and without leave of Court, Plaintiff filed a Second Amended Complaint. On June 28, 2013, Plaintiff filed a Motion to Withdraw the Second Amended Complaint. Doc. 16. In a text-only Order entered on July 1, 2013, the Court granted Plaintiff's Motion to Withdraw the Second Amended Complaint. On July 3, 2013, Plaintiff filed a Motion to Amend the Amended Complaint. Doc. 18. In violation of LCvR 7.1(C), Plaintiff did not file a brief in support of the Motion to Amend the Amended Complaint.

Defendants responded to the Motion to Amend, but Plaintiff failed to file a reply within the time allowed. The Motion to Dismiss is now ripe for review.

## II. DISCUSSION

### A. Motion to Dismiss

### 1. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded

allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at

4

679.  "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id..  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).  In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

### 2. **Negligence Claim**

Target argues that Plaintiff's Amended Complaint is devoid of any factual allegations to support a plausible common law negligence claim.  Target also argues that any attempt by Plaintiff to plead a statutory dram shop claim under Article 1A of Chapter 18B of the North Carolina General Statutes fails because it was not brought within the one year statute of limitations. N.C. Gen. Stat. §§ 1-54(7a), 18B-126.  Target further argues that Plaintiff fails to plead any facts showing that Target engaged in any fraudulent, malicious, willful and wanton conduct that would support an award of punitive damages.  Finally, Target asserts that there are no factual allegations showing that any officers, directors, or managers of Target participated in or condoned any conduct that constitutes an aggravating factor giving rise to punitive damages. See N.C. Gen. Stat. § 1D-15.

Plaintiff responds that she is not bringing a claim under N.C. Gen. Stat. Chapter 18B, Article 1A.  She states that her claim is based solely upon common law negligence and that she has plead all the necessary elements.  Plaintiff also argues that she should be allowed to amend

5

her Amended Complaint.

In <u>Iodice v. United States</u>, 289 F.3d 270 (4th Cir. 2002), the Fourth Circuit recognized that "North Carolina law...makes it unmistakably clear that a claim based on negligent provision of alcohol to a driver cannot succeed without a showing that at the time the defendant supplied alcohol to the driver, he knew or should have known that the driver was intoxicated." <u>Id.</u> at 279-80 (citing <u>Estate of Mullis</u>, 505 S.E.2d 131 (N.C. 1998); <u>Camalier v. Jeffries</u>, 340 N.C. 699, 460 S.E.2d 133 (N.C. 1995); <u>Smith v. Winn-Dixie Charlotte, Inc.</u>, 542 S.E.2d 288, 293 (N.C. App. 2001)). To state a claim for common law negligence against a defendant who furnished alcoholic beverages to a third-party, the plaintiff must allege "all elements of a common law negligence suit, that is, duty, breach of duty, proximate cause, and damages.'" <u>Smith</u>, 542 S.E.2d at 292 (quoting <u>Estate of Mullis v. Monroe Oil Co.</u>, 505 S.E.2d 131, 135 (N.C. 1998).

In general, a defendant has a duty "to exercise that degree of care which a reasonable and prudent person would exercise under similar conditions." <u>Hart v. Ivey</u>, 420 S.E.2d 174, 177-78 (1992). A defendant breaches this duty of reasonable care, owed to persons who travel on the public highways, when it furnishes alcoholic beverages "to a noticeably intoxicated person who is going to drive [a motor vehicle]." <u>Mullis</u>, 505 S.E.2d at 135. Therefore,

> [T]he test for whether a defendant has, by its furnishing of alcoholic beverages, breached a duty to individuals traveling on the public highways consists of two parts. In order to prevail on the element of duty, the plaintiff must present substantial evidence the defendant: (1) furnished alcoholic beverages to someone the defendant knew or should have known was "noticeably intoxicated," and (2) the defendant knew or should have known this " noticeably intoxicated" person was going to drive a motor vehicle. Evidence the defendant knew or should have known a person was "noticeably intoxicated" might include, but is not limited to, such outward signs of intoxication as slurred speech, lack of control over body motions, and an odor of alcohol.

<u>Smith</u>, 542 S.E.2d at 293.

Based on the foregoing, Plaintiff must plead 1) that Target furnished alcohol to Pienta when Target knew or should have known she was noticeably intoxicated; 2) that an intoxicated Pienta consumed the alcohol she purchased at Target; 3) that Target knew or should have known that a noticeably intoxicated Pienta was going to drive a motor vehicle; 4) that an intoxicated Pienta drove and injured Plaintiff after consuming alcohol purchased from Target; and 5) that Plaintiff incurred damages.

The Court finds that Plaintiff's Amended Complaint fails to state a claim for common law negligence against Target. Plaintiff's Amended Complaint is devoid of any factual allegations that Pienta was noticeably intoxicated when she purchased beer from Target on July 31, 2010. Plaintiff also fails to plead any facts showing that Target knew or should have known that Pienta was noticeably intoxicated at the time she purchased the beer. Plaintiff fails to plead that Pienta consumed any of the beer that she purchased from Target. There are no factual allegations that Target knew or should have known that a noticeably intoxicated Pienta would drive an automobile. Plaintiff has simply alleged that Target is liable to Plaintiff because it sold beer to Pienta, who was twenty years old at the time. This is insufficient to state a claim for common law negligence against Target. The Court will dismiss Plaintiff's claim against Target in its entirety.

### B. Motion to Amend

#### 1. Standard of Review

Federal Rule of Civil Procedure 15(a) provides in relevant part that a party may amend its own pleading once as a matter of course within twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is

earlier. Fed.R.Civ.P. 15(a)(1)(B). Otherwise, a party may amend only with consent of the opposing party or with leave of court. Fed.R.Civ.P. 15(a)(2).

The Fourth Circuit has held that "under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." U.S. v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Further, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999). "Where the facts upon which [a] new claim [is] based were known at the time of the original complaint ..., it is not an abuse of discretion to find bad faith." Ferguson v. Maita, 162 F.Supp.2d 433, 441 (W.D.N.C. 2000); see also Al–Abood ex rel. Al–Abood v. El–Shamari, 217 F.3d 225, 234 (4th Cir.2000). Moreover, where a motion to amend is filed in an attempt to circumvent a dispositive motion, leave to amend need not be granted. See Googerdy v. N.C. Agric. & Tech. State Univ., 386 F.Supp.2d 618, 623 (M.D.N.C.2005).

Plaintiff had twenty-one days from the filing of Target's motion to dismiss and answer to file an amended complaint as a matter of right. She failed to do so. Plaintiff waited until after Target's Motions to Dismiss were fully briefed and ripe for consideration by the Court. After briefing was complete, Plaintiff improperly filed a Second Amended Complaint. Thereafter, counsel for Target and for Steve and Linda Pienta requested that Plaintiff immediately withdraw the improperly filed Second Amended Complaint. Doc. 19, Ex. 2 and 3. Plaintiff filed a Motion to Withdraw the Second Amended Complaint which was granted by the Court on July 1, 2013.

When Plaintiff filed her Motion to Amend on July 3, 2013, she failed to file a brief in support of the Motion or attach the proposed Second Amended Complaint. Plaintiff simply states in her Motion that the Court should grant her leave to amend in the "interest of fairness

and justice." She offers no forecast as to what new facts or claims would be included in a second amended complaint. Consequently, the Court will deny the Motion to Amend Plaintiff's Amended Complaint.

**FOR THE FOREGOING REASONS,** the Court **GRANTS** "Defendant Target Corporation's Motions to Dismiss," Doc. 10, and **DENIES** "Plaintiff's Motion for Leave to Amend Complaint," Doc. 18.

The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED**.

Signed: August 5, 2013

David S. Cayer
United States Magistrate Judge